IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MIAMI TRIBE OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-104 L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Lawrence M. Baskir |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER TO COMPLAINT**

Defendant United States of America hereby submits the following Answer to the Complaint filed on May 30, 2008 (Docket ("Dkt.") No. 8).

Defendant specifically denies each and every allegation of the Complaint that is not admitted, denied, qualified, or otherwise expressly addressed in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs and sections of the Complaint.

Defendant admits the allegations in Footnote 1 of the Complaint. Defendant avers that Plaintiff's case filed before the United States District Court for the Northern District of Oklahoma was transferred to this Court on February 25, 2008. Dkt. No. 1.

1. The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

**PARTIES**

2. As to the allegations in Paragraph 2, Defendant admits that the Miami Tribe of Oklahoma (hereinafter "Plaintiff") is a federally recognized Indian tribe organized pursuant to the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461 *et seq*. The remaining allegations

in Paragraph 2 are Plaintiff's characterizations and conclusions of law to which no response is required.

3. As to the allegations in the first sentence of Paragraph 3, Defendant admits that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain legal responsibilities for the Miami Tribe through the Secretary of the Interior, but denies that Mr. Kempthorne is a proper defendant herein. The remaining allegations in Paragraph 3are Plaintiff's characterizations and conclusions of law to which no response is required.

4. As to the allegations in the first sentence of Paragraph 4, Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians and that he was appointed by the President of the United States with the advice and consent of the Senate; and that the United States carries out certain legal responsibilities for the Miami Tribe (such as some of those specified in the American Indian Trust Reform Management Reform Act, 25 U.S.C. §§ 4001, et seq.) through the Special Trustee. Defendant denies that Mr. Swimmer is a proper defendant herein. The allegations in the second sentence of Paragraph 4 are Plaintiff's characterizations and conclusions of law to which no response is required. The referenced Act speaks for itself and is the best of evidence of its contents. The allegations in the third and fourth sentences of Paragraph 4 are Plaintiff's characterizations and conclusions of law to which no response is required.

5. As to the allegations in Paragraph 5, Defendant admits that Henry M. Paulson, Jr. is the Secretary of the Treasury, but denies that Mr. Paulson is a defendant herein. The remaining allegations in Paragraph 5 are characterizations and conclusions of law to which no response is required.

## JURISDICTION AND VENUE

6. Defendant denies the allegations in the first sentence of Paragraph 6. The allegations in the second sentence of Paragraph 6 are Plaintiff's characterizations of their suit to which no response is required. Defendant denies the allegations in the third sentence of Paragraph 6. The allegations in the fourth sentence of Paragraph 6 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

7. As to the allegations in Paragraph 7, Defendant denies that "officers and employees of the United States acting in an official capacity" are proper defendants in this case. The remaining allegations in Paragraph 7 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

## FACTUAL BACKGROUND

8. As to the allegations in the first sentence of Paragraph 8**,** Defendant admits that Plaintiff currently occupies land in Ottawa County, Oklahoma, and that Defendant holds certain lands and other assets for Plaintiff's benefit. Defendant avers that the allegation that natural resources are "attributable to its former reservations in Oklahoma and elsewhere" is vague and ambiguous such that Defendant is unable to formulate a response thereto. The allegation in the second sentence of Paragraph 8 is Plaintiff's characterization or conclusion of law to which no response is required.

9. The allegations in Paragraph 9 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

10. The allegations in Paragraph 10 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute and referenced "other federal laws" speak for themselves and are the best evidence of their contents.

11. The allegations in the first through the fourth sentences of Paragraph 11 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The referenced "treaties, settlements and other contractual agreements" speak for themselves and are the best evidence of their contents. Defendant denies the allegations in the fifth sentence of Paragraph 11.

12. The allegations in the first sentence of Paragraph 12 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers that the Secretary of the Interior is not a proper defendant herein. As to the allegations in the second sentence of Paragraph 12, Defendant admits that leases, easements, and permits have been approved for Plaintiff's benefit and as requested by Plaintiff. The allegation that Defendant has approved on Plaintiff's behalf "other grants of authority to use certain of Plaintiff's trust lands and natural resources for specific purposes" is vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations in the third sentence of Paragraph 12, Defendant admits that it and Plaintiff have jointly approved, in certain limited instances, conveying title of certain of Plaintiff's lands to third parties for Plaintiff's benefit and as requested by Plaintiff. The allegations in the fourth sentence of Paragraph 12 regarding Defendant's assumption of "the legal responsibility for the

collection of fair and equitable compensation" are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that it holds certain funds in trust on Plaintiff's behalf and that it carries out certain legal responsibilities for Plaintiff through the Secretary of the Interior. Defendant avers that Plaintiff has shared, and continues to share, in the control and management over Plaintiff's trust property and that the extent of Plaintiff's and of Interior's control and management over Plaintiff's trust property is set forth in the provisions of, and the regulations implementing, statutes, such as the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as well as the contract entered thereunder between Plaintiff and the Interior Department (commonly known as "638 contracts" or "Section 638 contracts"). Such documents speak for themselves and are the best evidence of their contents.

13. The allegations in Paragraph 13 are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that the Secretary of the Interior is not a proper defendant herein. Defendant further avers that it does not exercise exclusive control of all the books and records of account concerning Plaintiff's trust funds and trust property and that control and management over Plaintiff's trust funds and trust property and books and records are shared or have been shared with Plaintiff, in accordance with applicable laws, statutes, regulations, or agreement of the parties.

14. The allegations in Paragraph 14 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited cases speak for themselves and are the best evidence of their contents.

15. The allegations in Paragraph 15 are Plaintiff's characterizations and conclusions of law to which no response is required.

16. The allegations in Paragraph 16 are Plaintiff's characterizations and conclusions of law to which no response is required.

17. The allegations in Paragraph 17 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited case law and statute speak for themselves and are the best evidence of their contents.

18. As to the allegations in the first two sentences of Paragraph 18, Defendant denies that they "control and manage all of the trust property and trust assets of the tribe" or "all of the books and records of accounts affecting [Plaintiff's] Trust Funds and Trust Property." Defendant avers that the Department of the Interior ("Interior") has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements"; (b) a report in1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Miami Tribe of Oklahoma" for Fiscal Years 1973-1992, which sets forth the results of Interior's project to reconcile tribal trust accounts including those of Plaintiff for the years noted; and (c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by the Interior Department. Further, the allegations contained in the third sentence of Paragraph 18 that Defendant has never provided a "complete, accurate or timely accounting to the Tribe" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant denies the

remaining allegations in the third sentence of Paragraph 18 and the remaining allegations in the remaining sentences of Paragraph 18.

19. The allegations in the first sentence of Paragraph 19 are vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations in the second, third, and fourth sentences of Paragraph 19, Defendant admits that Congress held certain hearings regarding the Interior Department's management of Indian trust funds and issued certain reports. The Congressional reports speak for themselves and are the best evidence of their contents.

20. The allegations of Paragraph 20 consist of Plaintiff's conclusions of law and characterizations of a congressional report, to which no response is required because that document speaks for itself and is the best evidence of its contents.

21. Defendant denies the allegations in the first sentence in Paragraph 21. The remaining allegations in Paragraph 21 are Plaintiff's characterizations and conclusions of law to which no response is required; to the extent that they are deemed allegations of fact, Defendant denies.

22. The allegations in the first, second and third sentences in Paragraph 22 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts speak for themselves and are the best evidence of their contents. Defendant denies the allegations in the fourth sentence of Paragraph 22.

23. Defendant admits the allegations in the first sentence of Paragraph 23. The allegations in the second sentence of Paragraph 23 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

24. The allegations in Paragraph 24 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The referenced but unspecified reports speak for themselves and are the best evidence of their contents.

25. Defendant denies the allegations in Paragraph 25.

26. As to the allegations in Paragraph 26, Defendant admits that Congress has enacted the listed Acts listed. The remaining allegations in Paragraph 26 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts speak for themselves and are the best evidence of their contents.

27. The allegations in Paragraph 27 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute and Acts speak for themselves and are the best evidence of their contents.

**COUNT I—PLAINTIFF'S ALLEGATIONS ABOUT DECLARATORY AND INJUNCTIVE RELIEF FOR ALLEGED FAILURE TO PROVIDE A PROPER ACCOUNTING AND ALLEGATIONS ABOUT A DECLARATION THAT THIS ALLEGED FAILURE HAS INTERFERED WITH THE TRIBE'S ABILITY TO BRING CLAIMS AGAINST THE UNITED STATES**

28. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 27, above.

29. The allegations in Paragraph 29 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited case law speaks for itself and is the best evidence of its contents.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

**COUNT II—PLAINTIFF'S ALLEGATIONS ABOUT DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL A PROPER ACCOUNTING**

33. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 32, above.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

**COUNT III—PLAINTIFF'S ALLEGATIONS ABOUT DECLARATORY AND MANDATORY INJUNCTIVE RELIEF COMPELLING PROPER MANAGEMENT OF THE TRIBE'S PRESENT AND FUTURE ACCOUNTS**

36. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 35, above.

37. Defendant denies the allegations in Paragraph 37.

**COUNT IV—PLAINTIFF'S ALLEGATIONS ABOUT JUDGMENT IN FAVOR OF PLAINTIFF**

38. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 37, above.

39. Defendant denies the allegations in Paragraph 39.

**PLAINTIFF'S PRAYER FOR RELIEF**

1. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 1 of Plaintiff's prayer for relief.

2. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 2 of Plaintiff's prayer for relief.

3. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 3 of Plaintiff's prayer for relief.

4. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 4 of Plaintiff's prayer for relief.

5. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 5 of Plaintiff's prayer for relief.

6. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 6 of Plaintiff's prayer for relief.

7. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 7 of Plaintiff's prayer for relief.

**GENERAL DENIAL**

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 *et seq.*).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and any other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel. *See Indians of California v. United States*, 102 Ct. Cl. 837 (I.C.C. 1944), and *Thompson v. United States*, 13 Ind. Cl. Comm. 369 (I.C.C. 1964).

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 29th day of July 2008,

RONALD J. TENPAS
Assistant Attorney General

*s/ Terry M. Petrie*
TERRY M. PETRIE
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (202) 353-2021
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

JARED S. PETTINATO
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0203
Tel: (202) 305-0241
Fax: (202) 353-2021

Jared.Pettinato@usdoj.gov
Anthony.Hoang@usdoj.gov

SHANI N. WALKER
JOSHUA A. EDELSTEIN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **ANSWER** was served on July 29, 2008, by Electronic Case Filing, on the following counsel:

Kennis Monte Bellmard, II
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012
*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE